Memorandum. Petitioner’s pregnancy out-of-wedlock does not ipso facto bar her custodial right, which remains primary and superior ‘ ‘ unless * * * she has abandoned that right or is proved unfit ’5 (People ex rel. Kropp v. Shepsky, 305 N. Y. 465, 468); but the event should have prompted investigation and consideration of her present manner of life and of her current household and familial conditions insofar as either might prove unfitness and thus be inimical tp the welfare of the children with whom this proceeding is concerined. The trial court said: ‘ ‘ The reason for the Court not takin'g into consideration the element of the petitioner’s present pregnancy as it may reflect upon her *1012 fitness is that the report in that respect exceeded the scope of the investigation referred to by the Court at the close of the evidence and stipulated to by counsel.” This was error to the extent that exploration of the consequences was foreclosed. The issue may not be determined on the bare report of the out-of-State agency which made it and a prompt hearing thereon is necessary. The order of the Appellate Division should be reversed, without costs, and the proceeding remitted to the Trial Term for further proceedings in accordance with this memorandum.
Judges Scileppi, Breitel, Jasen and Gibson concur; Chief Judge Fuld and Judges Burke and Bergan dissent and vote to affirm on the opinion at the Trial Term.
Order reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the memorandum herein.